# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| JEFFREY M. TARRANT, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | No.  6:26-CV-00060-LS |
| JOHN DOE #1, CHILD SUPPORT | § | |
| INVESTIGATOR; JOHN DOE #2, | § | |
| SUPERVISORY ATTORNEY; JOHN | § | |
| DOE #3, REGIONAL CHILD | § | |
| SUPPORT DIRECTOR; AND DOES 4- | § | |
| 10, UNKNOW AGENTS, | § | |
| CONTRACTORS, OR EMPLOYEES, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER DISMISSING CASE

*Pro se* plaintiff Jeffrey M. Tarrant sues unnamed agents under 42 U.S.C. § 1983.[1] For the following reasons, the Court dismisses Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) *sua sponte*[2] but grants leave to file an amended complaint.

## I.    LEGAL STANDARD.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A complaint may

---

[1] ECF No. 3.
[2] *See Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984) (holding that "a district court may dismiss a complaint on its own motion for failure to state a claim").
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[4] *Id.*

include legal conclusions, but such conclusions must be supported by factual allegations.[5] To survive a dismissal motion, "plaintiffs must allege facts that support the elements of the cause of action."[6] The court takes as true the complaint's factual allegations and construes them in the light most favorable to the nonmoving party.[7] Even though a *pro se* plaintiff's complaint is "held to less stringent standards than formal pleadings drafted by lawyers"[8] it must still contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[9] "'Naked assertions' devoid of 'further factual enhancement'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[10] Finally, "Rule 12(b)(6) motions are 'viewed with disfavor and rarely granted.'"[11]

## II.    ANALYSIS.

### A.    *First Amendment Claim*

A viable First Amendment retaliation claim requires a plaintiff to show that "(1) [he] w[as] engaged in constitutionally protected activity, (2) the defendants' actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiff['s] exercise of constitutionally protected conduct."[12]

---

[5] *Id.* at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010).

[6] *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010).

[7] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[8] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[9] *Twombly*, 550 U.S. at 555.

[10] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (cleaned up)); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (noting the Court will not "strain to find inferences favorable to the plaintiffs" or credit "conclusory allegations, unwarranted deductions, or legal conclusions" (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004))).

[11] *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (citation omitted).

[12] *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002).

Plaintiff lists the elements of the cause of action but offers no factual allegations.[13] He alleges he engaged in "protected activity," but does not describe it.[14] This claim fails for want of sufficient factual allegations.

### B.    Fourth Amendment Claim

To support this claim, Plaintiff must allege "that a search or seizure within the meaning of the Fourth Amendment occurred" and that the "search or seizure was unreasonable."[15] Plaintiff does not sufficiently allege that a search or seizure occurred. The Supreme Court in *United States v. Jones*[16] stated that a search is a "physical intrusion" in order to obtain information.[17] And a seizure occurs when a person is detained and "when, under the totality of the circumstances, a reasonable person would have thought that he was not free to leave."[18] Plaintiff generally alleges that he was subject to drive-bys, monitoring, and investigative activity,[19] none of which constitute a search or seizure. "Investigative activity" could conceivably qualify as a search or seizure, but Plaintiff does not allege any supporting facts in this regard. Accordingly, this claim fails as well.

### C.    Substantive Due Process Claim

Substantive due process protects "against government interference with certain fundamental rights and liberty interests."[20] Plaintiff alleges that he "was deprived of liberty and

---

[13] ECF No. 3 at 7–8.

[14] *Id.* at 7.

[15] *Perre v. E. Bank Consol. Special Serv. Fire Prot. Dist.*, 741 F. Supp. 3d 488, 495 (E.D. La. 2024).

[16] 565 U.S. 400 (2012).

[17] *Id.* at 404.

[18] *Kelson v. Clark*, 1 F.4th 411, 417 (5th Cir. 2021) (quoting *Keller v. Fleming*, 952 F.3d 216, 222 (5th Cir. 2020)).

[19] ECF No. 3 at 7.

[20] *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997).

property without due process of law"[21] without any supporting factual allegations. Therefore, this claim also fails.

### D.    *Equal Protection Claim*

A plaintiff alleging an equal protection violation cannot "generally allege[] that other similarly situated individuals were treated differently."[22] "An allegation that others are treated differently, without more, is merely a legal conclusion that" that a court will not credit.[23] As Plaintiff merely alleges that other individuals were treated differently,[24] this claim fails.

### E.    *Leave to Amend*

A district court may dismiss an action on its own under Rule 12(b)(6) but should give a *pro se* plaintiff notice or an opportunity to amend the complaint.[25] Accordingly, the Court grants Plaintiff leave to amend his complaint to address the deficiencies explained above.

## III.    CONCLUSION.

The Court dismisses Plaintiff's claims *sua sponte* but authorizes him to file an amended complaint on or before **March 27, 2026**. Failure to do so will result in a final dismissal.

**SO ORDERED**.

**SIGNED** and **ENTERED** on March 6, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[21] ECF No. 3 at 8.
[22] *Rountree v. Dyson*, 892 F.3d 681, 685 (5th Cir. 2018).
[23] *Id.*
[24] ECF No. 3 at 8.
[25] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).